[No. A072648. First Dist., Div. Three. Nov. 13, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
HOOSHANG SOHRAB, Defendant and Appellant.

**COUNSEL**

James F. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, and Christina V. Kuo, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**PARRILLI, J.**—In this case we hold that under existing authority, a trial court must advise a defendant of his right to counsel at his arraignment in municipal court and at his subsequent arraignment in superior court, even where the same judge presides over both proceedings as part of a consolidated court. Moreover, we hold that where the prosecutor charges a defendant with a felony complaint in the municipal court, the defendant's waiver of his right to counsel in the municipal court does not waive his right to counsel in the superior court. This is so even where the same judge presides over the proceedings in municipal and superior court as part of a consolidated felony panel.

I

INTRODUCTION

The district attorney charged appellant Hooshang Sohrab by complaint with multiple counts of lewd and lascivious conduct with a child under the age of 14 (Pen. Code, § 288, subd. (a)). Just before his preliminary hearing, appellant waived his right to have counsel represent him. (*Faretta* v. *California* (1975) 422 U.S. 806 [95 S.Ct. 2525, 45 L.Ed.2d 562] (*Faretta*).)

Following the preliminary hearing—at which appellant represented himself —the court held him to answer on 18 separate counts of lewd and lascivious conduct with a child. Appellant was arraigned on the information two weeks later. At the arraignment on the information, the trial court failed to advise appellant of his right to counsel. This was a direct violation of Penal Code section 987,[1] which requires that ". . . if the defendant appears for arraignment without counsel, he or she shall be informed by the court that it is his or her right to have counsel before being arraigned, and shall be asked if he or she desires the assistance of counsel." Nor did the trial court take a second waiver of appellant's right to counsel. Appellant represented himself at trial and the jury convicted him of all 18 counts. The court sentenced appellant to a total of 42 years in state prison.

We conclude we must reverse appellant's convictions because his waiver of counsel before the preliminary hearing did not continue in effect after the information was filed in superior court. (*People* v. *McKenzie* (1983) 34 Cal.3d 616, 635-637 [194 Cal.Rptr. 462, 668 P.2d 769]; *People* v. *Crandell* (1988) 46 Cal.3d 833, 858, fn. 5 [251 Cal.Rptr. 227, 760 P.2d 423].) Consequently, he did not effectively waive his right to counsel at trial.

II

FACTS

The facts of the offense are not relevant to the issue we find dispositive on appeal. Suffice it to say there was substantial evidence to support appellant's conviction. He repeatedly molested his 10-year-old neighbor over a period of months while she was in the fourth grade, and once when she was a 12-year-old girl in the sixth grade. Appellant was in his early 60's. The molestations all involved significant sexual contact, including anal intercourse and oral copulation. The victim did not report the crimes for several years. She was 14 years old when she testified at trial. The jury concluded the evidence supported 18 separate counts of lewd and lascivious conduct with a child (§ 288, subd. (a)).

Appellant, who had no prior criminal record, appeared for the first time in a criminal court at his arraignment on the criminal complaint on January 27, 1995. The court advised appellant of his right to counsel and appointed the public defender to represent him. On March 14, appellant filled out a form waiving his right to counsel and requesting that he be allowed to represent himself. However, during voir dire on appellant's right to self-representation, he changed his mind and requested substitute counsel under *People* v. *Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44] (*Marsden*).

---

[1]Subsequent statutory references are to the Penal Code.

Because appellant's appointed counsel—Marta Osterloh—was out sick, the court did not immediately hold a *Marsden* hearing. The court scheduled the *Marsden* hearing for March 17, but when Ms. Osterloh did not appear at that hearing because of her continued illness, appellant renewed his request to represent himself. Once again, the court voir dired appellant at length on his right to self-representation, and once again appellant changed his mind and asked for a *Marsden* hearing.

Ms. Osterloh next appeared in court with appellant on March 22. At that appearance, Ms. Osterloh immediately declared she had a doubt concerning appellant's mental competence to assist in his own defense, and asked the court to hold a hearing to determine if appellant was competent to stand trial (§§ 1368, subd. (b), 1368.1, 1369).[2] Over appellant's objection, the court suspended criminal proceedings and appointed Dr. Martin Blinder to interview appellant and to render an opinion concerning appellant's competence to stand trial.

Dr. Blinder concluded that, although appellant was "a somewhat eccentric, emotionally detached individual with questionable judgment" he had no psychiatric illness and was competent to stand trial. Dr. Blinder added that appellant "does not have a constructive relationship with his present legal representative, but I find nothing in my psychiatric examination that would force me to conclude that he would not do better with another."

After the court received the doctor's report on April 7, it reinstituted criminal proceedings and set the matter for preliminary hearing on April 18. On April 11, the court held a *Marsden* hearing outside the presence of the prosecutor to determine if appellant was entitled to new counsel. At the end of that hearing, appellant decided to allow Ms. Osterloh to represent him at least through the preliminary hearing.[3]

Nevertheless, when the date for the preliminary hearing arrived, appellant renewed his request to represent himself. Before the court finished its voir dire on this issue appellant seemed to change his mind and requested new counsel. The court consequently held a *Marsden* hearing outside the prosecutor's presence. During that hearing, Ms. Osterloh stated her relationship

---

[2]The concern over appellant's competence appeared to be based in part on statements he made to the court which indicated he believed God would be sitting in direct judgment of his case. For example, appellant, who was born and raised in Iran, told the court "this is a long journey, and if God wants me to be banished, so be it." When the court explained to appellant that the jury would be following the rules of civil law, and would not be bound by "some higher power," appellant said he understood this but found it "disheartening."

[3]The court informed appellant that "[y]ou can keep her on as long as you want, and after the hearing if you want to change your mind, you can change your mind and make the motion then."

with appellant had "broken down irrevocably." She suggested appellant might be better represented by another attorney. Appellant agreed with this assessment. The court then offered to appoint another attorney, but appellant objected when he learned this meant the court would have to postpone the preliminary hearing. Appellant—who had been in jail for more than two months awaiting his preliminary hearing—was concerned about further delays. The court asked appellant point blank: "Do you want me to relieve [Ms. Osterloh] and appoint another attorney?" Appellant responded "Is it possible to have the hearing and then do that, because the [preliminary] hearing is here. Let's hear the charges. Maybe you'll actually dismiss it and we go home." Appellant then indicated he wanted to represent himself, at least at the preliminary hearing.[4]

The court took a thorough and lengthy waiver of appellant's right to counsel. The voir dire suggested appellant was waiving his right to counsel not just at the preliminary hearing, but for the entire course of the criminal proceedings. For example, during the voir dire the court advised appellant of his right to jury trial, the fact an attorney would assist him in selecting a jury, would argue the case to the jury, would object to the prosecutor's questions, and could argue for leniency at sentencing were appellant to be convicted.

Following the in propria persona preliminary hearing, the court held appellant to answer on 18 counts of lewd and lascivious conduct with a child (§ 288, subd. (a)).

Two weeks later, on May 2, 1995, appellant was arraigned on the information in superior court. Because the Marin County Superior Court consolidates criminal felony proceedings in municipal and superior courts under a single judge, the same judge who took appellant's waiver of his right to counsel in municipal court, and presided over appellant's preliminary hearing, also presided over his arraignment in superior court and the subsequent

---

[4] The entire exchange on this issue was as follows:

"THE COURT: I understand that this relationship has broken down. [¶] Do you want me to relieve her and appoint another attorney?

"THE DEFENDANT: Is it possible to have the [preliminary] hearing and then do that, because the hearing is here. Let's hear the charges. Maybe you'll actually dismiss it and we go home.

"THE COURT: Do you want to proceed with Ms. Osterloh?

"THE DEFENDANT: No.

"THE COURT: You want to do it on your own?

"THE DEFENDANT: Yes.

"THE COURT: Well, I think I need to see if you're qualified to do it on your own, make sure you give up all your rights that you've asked about, and then you can proceed on your own.

"THE DEFENDANT: Yes, we'll do that.

"THE COURT: Okay. If that's what you want, we'll do it that way."

trial.[5] At his arraignment on the information in superior court, the trial judge did not advise appellant of his right to counsel and did not take a second waiver of his right to counsel. Appellant represented himself at trial. He was convicted of 18 counts of lewd and lascivious conduct with a child (§ 288, subd. (a)).

## III

### DISCUSSION

A. *The Error.*

■ The central issue in this case is whether the trial court erred when it failed to advise appellant of his right to counsel at his arraignment on the information and failed to take a second waiver of his right to counsel in superior court. The People essentially concede that, had this case proceeded in the usual fashion—that is, with a preliminary hearing in municipal court followed by trial before a new judge in superior court—then appellant's waiver of his right to counsel in the municipal court would not have acted as a waiver of his right to counsel in superior court. The People contend, however, that this case is different because under Marin County's consolidated procedure the same judge presided over the preliminary hearing in municipal court, the arraignment in superior court, and the jury trial. Thus, they contend, appellant's single waiver of his right to counsel was sufficient. We disagree.

Although the case law is sparse on this issue, the California Supreme Court has clearly indicated that where the prosecution charges a defendant

---

[5]In their opposition to appellant's motion for new trial, the People made the following representations regarding the current structure of the Marin County Courts: "The Municipal and Superior Courts of Marin County have been partially consolidated with respect to felony matters. Thus, when defendant was arraigned in Municipal Court, his case was assigned to Judge Taylor of the Vertical Felony Panel. This Panel system was established in 1992 through the Chief Justice's authority to cross-assign judges. Each judge in the Panel is responsible for hearing and disposing of all felony matters on his calendar, regardless of the jurisdictional status of the case at the time. . . . [¶] In Marin County, the distinction between Municipal and Superior Court jurisdiction in felony cases going through the Vertical Felony Panel is only significant to the extent that cases are technically in Municipal Court prior to the holding order and technically in Superior Court thereafter. However, in reality the assigned judge, courtroom and court still remain the same. The same judge hears the case all the way through."

Although the People have not provided us with any evidence to support these assertions of fact, appellant does not contest them, and we accept them as true for the purposes of this opinion. (See Eisenberg et al., Cal. Practice Guide: Civil Appeals & Writs 1 (The Rutter Group 1996) ¶ 8:175, p. 8-85 ["[A]ppellate courts occasionally exercise discretion to rely on undisputed statements in the parties' briefs as to matters not in the record."].)

with a felony by filing a complaint in the municipal court, the defendant's waiver of the right to counsel in the municipal court does not continue in effect in superior court. In *People* v. *McKenzie*, the People *conceded* this point on the basis of sections 859 and 987.[6] (34 Cal.3d. at p. 635.) In *People* v. *Crandell*, the Supreme Court cited *McKenzie* for the proposition that "[i]n a felony case, neither an appointment of counsel nor a waiver of counsel in municipal court carries over into superior court." (46 Cal.3d at p. 858, fn. 5, also citing §§ 859, 987.)

The Supreme Court's statements in *Crandell* and *McKenzie* are based on some basic rules of criminal procedure. Those rules apply even though the same judge acts as a municipal court judge at the defendant's preliminary hearing and later as a superior court judge at his arraignment on the information.

In particular, in the absence of an indictment, a prosecutor must commence a felony criminal prosecution by filing a complaint in an "inferior court." (§§ 949, 806; Cal. Const., art. I, § 14; 4 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) § 1966, pp. 2323-2324; *id.*, § 2098, p. 2469.) Municipal courts are "inferior courts." (§ 691, subd. (a).) Before the prosecution can file an information in superior court, the judge of the municipal court must conduct a preliminary examination and issue an order holding the defendant to answer the charges against him. (§§ 738, 872; 4 Witkin & Epstein, Cal. Criminal Law, *supra*, § 1966, pp. 2323-2324.) Consequently, in these circumstances, "[t]he first pleading on the part of the people *in the superior court* is the . . . information." (§ 949, italics added; see generally, *Alexander* v. *Superior Court* (1994) 22 Cal.App.4th 901, 910 [27 Cal.Rptr.2d 732].)[7]

Furthermore, section 859 provides that the magistrate in the inferior court where the complaint has been filed must inform the defendant of his right to counsel at the arraignment on the complaint. (4 Witkin & Epstein, Cal. Criminal Law, *supra*, § 1972, p. 2330.) When the information is filed in superior court, the defendant must again be arraigned in superior court *on that document*. (§ 976, subd. (a); 4 Witkin & Epstein, Cal. Criminal Law, *supra*, § 2036, p. 2400.) Section 987, subdivision (a) provides: "In a non-capital case, if the defendant appears for arraignment [in superior court] without counsel, he or she shall be informed by the court that it is his or her

---

[6]Although the People conceded this point, we note that this concession was essential to the Supreme Court's ultimate holding in *McKenzie*; namely, that the defendant had not impliedly waived his right to the effective assistance of counsel in the superior court. (34 Cal.3d at pp. 636-637.)

[7]There are some exceptions which do not apply here, e.g., where the defendant pleads guilty in the municipal court and the complaint is certified to the superior court (§§ 859a, 949). (See generally, 4 Witkin & Epstein, Cal. Criminal Law, *supra*, § 2036, pp. 2400-2401.)

right to have counsel before being arraigned, and shall be asked if he or she desires the assistance of counsel. If he or she desires and is unable to employ counsel the court shall assign counsel to defend him or her." (See also *People* v. *Mattson* (1959) 51 Cal.2d 777, 788 [336 P.2d 937]; *Alexander* v. *Superior Court, supra,* 22 Cal.App.4th at p. 910.)

Here, it is clear the court violated section 987, subdivision (a) when it failed to inform appellant of his right to counsel when he appeared without counsel in superior court to be arraigned on the information. This is true even if the same judge sat as a municipal court judge and a superior court judge in the same case.[8] The statutes do not provide an exception in these circumstances.[9]

In our view, the Supreme Court's rule that a waiver of the right to counsel in the municipal court does not continue in effect in superior court is similarly not based on the assumption that different judges preside over the municipal court and superior court proceedings. As indicated, the only authority the Supreme Court cited for this proposition was sections 859 and 987. (*People* v. *McKenzie, supra,* 34 Cal.3d at p. 635; *People* v. *Crandell, supra,* 46 Cal.3d at p. 858, fn. 5.) Thus, the underlying logic of the Supreme Court's pronouncement appears to be that the defendant is entitled to two separate advisements on his right to counsel, one when he is arraigned on the complaint in municipal court, and another when he is arraigned on the information in superior court. It appears this is the basis for the Supreme Court's holding that a waiver of counsel in municipal court does not carry over into superior court.[10]

The facts of this case illustrate why a waiver of the right to counsel in municipal court should not automatically carry forward into the superior

[8]The fact the Marin County Courts have cross-assigned judges in a "vertical felony panel" does not alter the fact that, under the current California Constitution, the county still has a municipal court and a superior court. (See Cal. Const., art. VI, §§ 1, 4 ["In each county there is a superior court of one or more judges."], 5 ["Each county shall be divided into municipal court districts . . . . [E]ach county shall have at least one municipal court district."]; but see Sen. Const. Amend. No. 4 (Stats. 1996 (1995-1996 Reg. Sess.) res. ch. 36) [amending art. VI, § 5 to allow unified court upon majority vote of superior court and municipal court judges, if amendment is subsequently approved by the electorate], printed in 2 West's Ann. Cal. Const., art. VI, § 5 (1997 pocket supp.) pp. 3-4.)

[9]The People contend the trial court did effectively advise appellant of his right to counsel during the arraignment on the information when it was telling appellant how to file motions. In this context, the court stated: "Well, it does help if you have a lawyer because they know how to do these things, you know, but if you're going to do it on your own, you simply put the name of the case on it . . . ." We hardly think this offhand remark fulfilled the court's statutory duty to inform appellant of his right to counsel and to inquire whether he wanted counsel appointed on his behalf. (§ 987, subd. (a).) Moreover, even if this remark were construed as an advisement of appellant's right to counsel in the superior court, the record discloses no waiver of his right to counsel in that forum.

[10]We acknowledge that the Supreme Court decided *People* v. *McKenzie, supra,* 34 Cal.3d 616, and *People* v. *Crandell, supra,* 46 Cal.3d 833, in the context of a bifurcated court

court.[11] Here, appellant vacillated in the municipal court proceedings between making *Faretta* motions to represent himself and *Marsden* motions to have new counsel appointed. Ultimately, just before the preliminary hearing, the court agreed to appoint new counsel. Appellant, who was concerned about further delays in the preliminary hearing, stated: "Is it possible to have the hearing and then do that, because the [preliminary] hearing is here. Let's hear the charges. Maybe you'll actually dismiss it and we go home." This statement suggests appellant intended to waive counsel only for the purpose of his preliminary hearing, and wanted the court to appoint new counsel— which it had already offered to do—if he were held to answer. Even though appellant's subsequent advisement and waiver of counsel appeared to encompass the entire trial, this did not relieve the court of its statutory duty to readvise appellant of his right to counsel when he was arraigned on the information. Had the court done so (rather than assuming appellant had already waived counsel in the superior court) there is at least a possibility appellant would have accepted substitute counsel. (See *People* v. *Hall* (1990) 218 Cal.App.3d 1102, 1106-1107 [267 Cal.Rptr. 494].)[12]

The People contend the reason for the consolidation of the courts in Marin County was to save court time by avoiding duplication of effort. We have no

system. Nevertheless, given the Supreme Court's apparent rationale for the rule in those cases we do not believe we are free to interpret the statutes in a different way in the context of a consolidated court system. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].) Although the Supreme Court may choose to interpret sections 859 and 987 differently in an era of consolidated courts, we believe the rule of *People* v. *Crandell, supra,* 46 Cal.3d 833 and *People* v. *McKenzie, supra,* 34 Cal.3d 616 presently binds this court.

[11]The People contend that appellant has waived this issue because the captions for the reporter's transcripts for some of the pre-preliminary hearing proceedings mistakenly indicate that they occurred in "SUPERIOR COURT," and appellant did not move to correct or augment the record. The argument is specious. As we have indicated, the first pleading the People could file in superior court was the information. (§ 949; see generally, *Alexander* v. *Superior Court, supra,* 22 Cal.App.4th at p. 910.) It follows that all of the proceedings that occurred before the information was filed were in municipal court.

[12]In *People* v. *Hall* the People argued that the defendant's waiver of his right to counsel at trial was sufficient to waive his right to counsel at a related probation revocation hearing which occurred some two years later. (218 Cal.App.3d at pp. 1104-1106.) In rejecting this argument, the *Hall* court noted: "If we were to adopt respondent's position it would lead to the clearly anomalous result of requiring a *Faretta* warning for those represented by counsel at trial while denying such a warning to those who represented themselves. However, it is precisely those defendants who have acted without the benefit of counsel during the trial proceedings who are most likely to be in need of the warning. It is far more probable that they will have little or no understanding that (1) they are entitled to have counsel represent them at the probation revocation hearing [and] (2) their pretrial decision to act in propria persona may be changed for such subsequent hearing . . . ." (*Id.* at pp. 1106-1107.) The same can be said here. It is precisely the defendants who have acted without the benefit of counsel in the municipal court who will have little or no understanding that they are entitled to have counsel represent them at the trial proceedings and that they may change their decision in the superior court.

doubt this was one of the salutary reasons behind the consolidation. However, consolidated courts are still obliged to follow statutes that apply to the municipal and superior courts, even if it may be more efficient to ignore some of those statutory requirements. The quest for efficiency cannot justify a failure to follow statutes or case law; nor may this court invent new procedures to accommodate the variety of trial court consolidation or coordination efforts proliferating statewide. Until the Legislature has spoken otherwise, statutes currently on the books control.

## B. *Standard of Prejudice.*

■  The People contend that, even if the trial court erred by failing to obtain a separate waiver of appellant's right to counsel in superior court, that error is harmless. We disagree. In our view, the complete failure to advise appellant of his right to counsel in the superior court and to obtain a waiver of that right is prejudicial per se.

■  It is clear that the denial of the right to *self-representation* under *Faretta* is prejudicial per se. (*People* v. *Joseph* (1983) 34 Cal.3d 936, 939, 946-948 [196 Cal.Rptr. 339, 671 P.2d 843]; *People* v. *Robinson* (1997) 56 Cal.App.4th 363, 373 [65 Cal.Rptr.2d 406].)

However, there is some disagreement concerning the appropriate standard for reversal when a defendant represents himself at trial but the trial court has failed to properly advise the defendant of the dangers of self-representation, as *Faretta* requires. In those circumstances, the majority of California courts have concluded the error is subject to harmless error analysis under *Chapman* v. *California* (1967) 386 U.S. 18 [87 S.Ct. 824, 17 L.Ed.2d 705, 24 A.L.R.3d 1065]. (*People* v. *Wilder* (1995) 35 Cal.App.4th 489, 497-505 [41 Cal.Rptr.2d 463]; *People* v. *McArthur* (1992) 11 Cal.App.4th 619, 628-630 [14 Cal.Rptr.2d 203] [dicta]; *People* v. *Cervantes* (1978) 87 Cal.App.3d 281, 293-294 [150 Cal.Rptr. 819].) One case—*People* v. *Lopez* (1977) 71 Cal.App.3d 568, 571 [138 Cal.Rptr. 36]—held (with little analysis) that the failure to provide adequate warnings of the dangers of self-representation was prejudicial per se, even if the defendant might be said to have voluntarily—if not intelligently—waived his right to counsel.[13]

It is important to note the California cases that have applied harmless error analysis to *Faretta* issues all involved situations where the court actually

---

[13]Two additional cases noted the split on this issue, but did not take sides, as the courts found the failure to advise of the dangers of self-representation prejudicial even under the *Chapman* standard. (*People* v. *Spencer* (1984) 153 Cal.App.3d 931, 945-946 [200 Cal.Rptr. 693]; *People* v. *Fabricant* (1979) 91 Cal.App.3d 706, 713-714 [154 Cal.Rptr. 340].)

advised the defendant of his right to counsel and the defendant affirmatively waived his right to counsel. The error in those cases was not that the court failed to obtain an express waiver of the right to counsel, but that the court failed to adequately warn the defendant of the pitfalls of self-representation before it took the waiver.[14] (*People* v. *Wilder*, *supra*, 35 Cal.App.4th at pp. 491, 495 ["[I]t bears considerable emphasis that the present case only involves the issue of whether the waiver of counsel was made intelligently because of the sole failure to advise of the dangers of self-representation—there is no issue of voluntariness."]; *People* v. *McArthur*, *supra*, 11 Cal.App.4th at pp. 629-630 ["[W]e apply the harmless error test and conclude the failure of the trial court in this case to admonish defendant at his arraignment about the dangers of self-representation, if error, was harmless beyond a reasonable doubt."]; *People* v. *Cervantes*, *supra*, 87 Cal.App.3d at p. 294 ["[W]e hold the trial court's error of inadequately warning defendant of the pitfalls and hazards involved in self-representation is 'harmless beyond a reasonable doubt.' [Citation.]"].)

By contrast, the present case does not involve a mere technical failure to properly advise appellant of the dangers of self-representation. Instead, it involves the trial court's *utter* failure to advise appellant of his right to counsel and to take a waiver of that right in the superior court. Since our Supreme Court has said a defendant's waiver of the right to counsel in the municipal court does not continue in effect in the superior court (*People* v. *McKenzie*, *supra*, 34 Cal.3d at pp. 635-637; *People* v. *Crandell*, *supra*, 46 Cal.3d at p. 858, fn. 5), it follows that appellant never waived his right to counsel for the purpose of the superior court proceedings.

In this regard, the present case is most akin to *People* v. *Hall*, *supra*, 218 Cal.App.3d 1102. In *Hall*, the defendant received a thorough *Faretta* warning and properly waived his right to counsel before trial. He represented himself at trial, was convicted, and was placed on three years' probation. Approximately two years later, the court held a probation revocation hearing and revoked defendant's probation. Defendant represented himself at the probation revocation hearing and subsequent sentencing. He was never

---

[14]In *Faretta*, the United States Supreme Court said that "in order competently and intelligently to choose self-representation, [the defendant] should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' [Citation.]" (*Faretta* v. *California*, *supra*, 422 U.S. 806, 835 [95 S.Ct. 2525, 2541].) Our own Supreme Court has said that "[a] defendant may challenge the grant of a motion for self-representation on the basis that the record fails to show that the defendant was made aware of the risks of self-representation." (*People* v. *Bloom* (1989) 48 Cal.3d 1194, 1224 [259 Cal.Rptr. 669, 774 P.2d 698]; see also *People* v. *Wilder*, *supra*, 35 Cal.App.4th at pp. 494-495; *People* v. *Lopez*, *supra*, 71 Cal.App.3d at pp. 572-573 [providing a list of suggested advisements].)

advised he was entitled to be represented by counsel at the probation revocation and sentencing proceedings, and never waived his right to counsel at those proceedings. (218 Cal.App.3d at pp. 1104-1105.) The *Hall* court found the defendant's pretrial waiver of his right to counsel did not waive his right to counsel at the subsequent probation revocation and sentencing proceedings. (*Id.,* at pp. 1106-1107.)

The *Hall* court found the error reversible per se. First, the *Hall* court distinguished *People* v. *Cervantes, supra,* 87 Cal.App.3d 281 on the ground that "[t]he *Cervantes* court applied the *Chapman* standard because, although the defendant was 'fully aware' of his right to counsel when he requested self-representation, the record did not establish sufficient warning of the pitfalls of self-representation under *Faretta.*" (*People* v. *Hall, supra,* 218 Cal.App.3d at p. 1108, italics added.) The *Hall* court noted "[e]ven *Cervantes* acknowledges, however, that the *absence* of a waiver of the right to counsel requires reversal per se." (*Ibid.*)

The *Hall* court added: "Subsequent to . . . *Cervantes,* the United States Supreme Court decided *Rose* v. *Clark* (1986) 478 U.S. 570 [92 L.Ed.2d 460, 106 S.Ct. 3101], which emphasizes the exceptional nature of errors requiring per se reversal, but also recognizes that 'some errors necessarily render a trial fundamentally unfair.' (*Id.* at p. 577 . . . .) Among these fundamental errors is the denial of the right to counsel. (*Ibid.,* citing *Gideon* v. *Wainwright* (1963) 372 U.S. 335 [9 L.Ed.2d 799, 83 S.Ct. 792, 93 A.L.R.2d 733].) Of course, this case does not present a denial of the right to counsel in the manner of *Gideon* v. *Wainwright,* just as it does not present a denial of the right to self-representation in the manner of *California* v. *Faretta.* Yet, the right to self-representation is found in the Sixth Amendment right to counsel (422 U.S. at p. 832 . . .) and cannot be asserted without knowingly and intelligently waiving the right to counsel (422 U.S. at p. 835 . . .). Where a defendant is permitted to represent himself or herself without knowingly waiving the right to counsel and all its attendant benefits, the right to counsel has been violated. [¶] Thus, there can be no question as to the appropriate standard in this case. If, at a deferred sentencing hearing where the defendant represents himself or herself, there *is a complete absence of a waiver of the right to counsel and of any self-representation warnings, reversal is required.*" (*People* v. *Hall, supra,* 218 Cal.App.3d at pp. 1108-1109.)[15]

---

[15]Subsequently, in *People* v. *Wilder, supra,* 35 Cal.App.4th 489, another division of the same appellate district that decided *Hall,* recognized that *People* v. *Hall* was essentially correct, even though *Wilder* found the error in that case was subject to harmless error analysis. The *Wilder* court noted that "[i]n *Hall,* the defendant's waiver of [his] right to counsel cannot

We conclude *Hall* controls the present case. Here, as in *Hall*, there was a "complete absence of a waiver of the right to counsel and of any self-representation warnings" in the superior court. (*People* v. *Hall*, *supra*, 218 Cal.App.3d at p. 1109.) Consequently, we must reverse the judgment.

Because we reverse the judgment on this ground, we find it unnecessary to discuss appellant's other arguments on appeal.

## IV

### DISPOSITION

The judgment is reversed.

Phelan, P. J., and Corrigan, J., concurred.

A petition for a rehearing was denied December 12, 1997.

---

be categorized as voluntary. Unlike the present case, the defendant in *Hall* was not offered counsel and then rejected the opportunity to be represented by an attorney." (*People* v. *Wilder*, *supra*, 35 Cal.App.4th at p. 497, fn. 1.)