91 Cal.Rptr.2d 488 (1999)
77 Cal.App.4th 307
The PEOPLE, Plaintiff and Respondent,
v.
Timothy CRAYTON, Defendant and Appellant.
In re Timothy Crayton, on Habeas Corpus.
Nos. B125826, B136548.
Court of Appeal, Second District, Division Four.
December 29, 1999.
Review Granted March 29, 2000.
*489 Wolff & Ellis, Gregory R. Ellis, under appointment by the Court of Appeal, for defendant and appellant.
Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Senior Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, Jaime L. Fuster, Deputy Attorney General, for Plaintiff and Respondent.
Certified for Partial Publication.[*]
EPSTEIN, Acting P.J.
California law requires that defendants who appear for felony arraignment without counsel be informed of their right to the assistance of counsel and, if they desire counsel but cannot employ an attorney, to have counsel appointed. This statutory mandate complements a defendant's Sixth Amendment right to the assistance of counsel. The Supreme Court has held that, in felony cases, a waiver of the right to counsel taken pursuant to this statutory mandate does not carry from municipal court to superior court.
This case considers the ramifications of the trial court's failure at arraignment in superior court to readvise an unrepresented defendant of his right to counsel and to obtain a new waiver of that right when the case reached that court. In the published portion of this opinion, we conclude that the Sixth Amendment does not require a new admonishment and waiver. The applicable statute provides greater protection of a defendant's rights, but violation of its prescription does not always require reversal. Instead, such error should be analyzed *490 under the prejudicial error provision of the California Constitution (article VI, section 13), as that provision has been applied by our Supreme Court. Under the totality of the circumstances in this case, we conclude that the error was harmless. In the unpublished portion of this opinion, we consider appellant's other claims of error. Other than errors in calculation of sentence, failure to impose a parole fine, and a mistake in imposing a restitution order, we find no basis for reversal or modification. Accordingly, we shall affirm the judgment as modified.

FACTUAL AND PROCEDURAL BACKGROUND
Defendant Timothy Crayton appeals his judgment of conviction on kidnapping, robbery, forcible oral copulation, assault with a deadly weapon, and other offenses. A detailed recounting of the facts is not essential to the disposition of the issues. In summary, defendant accosted Ms. H. on the early morning of August 21, 1997 as she entered her car after purchasing rock cocaine in Venice. Ms. H. remained in his custody or under his control until the next day. Defendant ordered Ms. H. to drive as he directed, twice forced her to withdraw money from automatic teller machines, beat her, and forced her to orally copulate him while he smoked the drugs that she had purchased. Defendant moved Ms. H. to several locations, the last of which was a house in Santa Monica where Irwin Campbell and Chanta Payne were present. They too became victims of defendant. After sharing rock cocaine with them and Ms. H., defendant became enraged at the three individuals. He accused all of them of stealing Ms. H.'s bank card and claimed that they all owed him money. Defendant pointed a shotgun at them, beat them, and threatened to kill all of them. Finally, he ordered the three to disrobe and lie in a pile, covered them with a blanket and chair, poured a liquid on them, and flicked a lighter. Defendant then sat down and fell asleep. Police were summoned and arrested defendant.
At trial, a jury convicted defendant of forcible oral copulation (Pen.Code, § 288a, subd. (c)),[1] kidnapping for robbery (§ 209, subd. (b)), two counts of first-degree robbery (§ 211), assault with intent to commit a felony (§ 220), possession of a firearm by a felon (§ 12021, subd. (a)(1)), three counts of assault with a firearm (§ 245, subd. (a)(2)), three counts of assault with a deadly weapon and by means of force likely to cause great bodily injury (§ 245, subd. (a)(1)), and three counts of making terrorist threats.[2] (§ 422.) It found several special allegations to be true: personal use of a firearm on one robbery count (§ 12022, subd. (a)(1)), personal use of a firearm on the three assault with a firearm counts (§ 12022.5, subd. (a) & (d)), and personal use of a firearm within the meaning of section 12022.5, subdivision (a)(1) on the three terrorist threat counts.
The jury also found that defendant had three prior convictions for the serious felony of robbery (§ 667, subd. (a)(1)); and found true the special allegations that defendant suffered prior serious and violent felony convictions for six counts of robbery and one count of assault with a deadly weapon pursuant to sections 1170.12, subdivisions (a) through (d) and 667, subdivisions (b) through (i).
The trial court imposed sentence in accordance with the "Three Strikes" law, added prison time for the special allegations and for prior convictions, and ordered that the sentences on each count run consecutively. Defendant thus received a total prison sentence of 510 years to life. The trial court also ordered him to pay a *491 restitution fine of $10,000. Defendant filed this timely appeal and a related petition for writ of habeas corpus. We consider both matters together.
We conclude that defendant's claims on direct appeal lack merit, except for his argument that the trial court incorrectly calculated his sentence on one count and thus mistakenly added 50 years to his sentence. We shall order the judgment modified in that regard. The People seek two modifications of the abstract of judgment as it pertains to mandatory restitution and parole revocation fines, and we shall order those corrections. We also conclude that defendant has not established that the trial court prejudicially excluded evidence relevant to part of his defense, as he contends in his petition for writ of habeas corpus. Accordingly, while ordering three modifications to the abstract of judgment, we affirm the judgment in all other respects and we deny the petition for writ of habeas corpus.

DISCUSSION

I
Defendant represented himself at his preliminary hearing and at trial. His principal contention is that the trial court committed per se reversible error by failing to readvise him of his right to counsel and in failing to obtain a new waiver of that right at his arraignment in superior court.
Defendant appeared for arraignment in municipal court on September 7, 1997. He was without counsel and expressed the intention of representing himself. The court commissioner then presiding warned defendant that he was charged with a felony and "you're risking a lot if you don't have guidance of counsel. And would you allow the public defender to represent you at this stage and perhaps readdress the issue when you get into the settlement conference?" Defendant responded, "Your Honor, I will stand on my F[aret]ta ... rights and represent myself. I don't need the services of the public defender's office." He then requested that a judge, rather than a commissioner, hear the matter. The court honored that request.
Judge Hiroshi Fujisaki, who next presided over the matter, took care to ascertain that defendant's waiver of his right to counsel was knowing, voluntary, and intelligent, and that defendant was competent. We review the court's exhaustive admonishment of defendant in detail. It demonstrates that defendant gave a broad waiver of his right to counsel, and was firm and well informed in doing so.
After the court informed defendant that he had the right to an attorney "at all stages of the proceedings[,]" defendant responded, "I've elected to represent myself in pro per, [Y]our Honor." The court explained that defendant would be "required to do everything that a lawyer would be required to do in representing you[,]" including preparing the defense, cross-examining witnesses, and preparing motions and subpoenas. It added, "You will have toif this matter goes to trial, you'll have to be responsible for the selection of a jury, selection of the jury instructions that will be presented to the jury. You'd be responsible for the examination of witnesses, cross examination of witnesses, making opening and closing statements." Defendant stated that he understood.
Noting that defendant was in a wheelchair and appeared to be suffering from tremors, the court inquired whether defendant was suffering from a medical condition. Defendant stated that he had injuries from old gunshot wounds. In response to whether he was on medication at the present time, defendant said that he was not. The court then emphasized: "You understand that you're not required to be your own attorney, that the Court will appoint a lawyer to represent you at public expense. That will be made available to you immediately if you wish to have the services of a lawyer. Do you understand that, sir?" (Our emphasis.) *492 Defendant replied: "Yes, and I thank you for it, but I elect to stand on my F[aret]ta rights at this time. I don't see any competent public defenders, you know, that I've met. Just don't strike me as, you know, able to go the whole road. So I can go to the penitentiary on my own. I don't need any help to go to prison." The court noted defendant's repeated references to Faretta v. California (1975) 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (Faretta,) and inquired, "Well, you seem to know the case of F[aret]ta. You understand what that case stands for?" Defendant answered, "Well, Iyes, I do."
When the prosecutor and the court informed defendant of his constitutional rights, defendant again expressly waived the right to counsel and asserted his right under Faretta to represent himself. He also stated that he did not want an attorney because "Timothy Crayton is my attorney." The prosecutor and the judge then advised defendant of his other rights at the preliminary hearing and at trial. The prosecutor informed defendant that he has the right to confront witnesses, "be it at the preliminary hearing or at the trial." Defendant said that he understood. The court then explained the right to trial by jury, the right to a speedy trial, that defendant would be obligated to follow the rules of evidence at trial, the right to submit jury instructions, the right to be sentenced within 21 days of a verdict, the right to present information for a probation report, and the right to offer evidence and comments regarding sentence. The court also advised defendant that the kidnapping for robbery charge carried a possible sentence of life imprisonment with the possibility of parole.
During this admonishment about defendant's duties at trial, the court told defendant: "And you would not be able to later complaint [sic] that you were adequately representedinadequately represented by yourself because you chose to represent yourself. That's the problem with the F[aret]ta right, you understand. If you choose to represent yourself and you do a bad job or an inadequate job, you can't ask for a new trial because you did an inadequate job. [¶] I'm not saying that you're going to do an inadequate job. I'm just saying that you're going to be stuck with what you do or don't do. Do you understand that, sir?" Defendant stated: "Yes, I do. I understand. I might have a fool for a client, but in this case, I'd like to do that."
Judge Bernard Kamins presided over the felony preliminary hearing and the trial. On October 15, 1997, at the conclusion of the People's presentation at the preliminary hearing, the court asked if defendant had a defense to present. Defendant demanded "reasonable accommodations." The court reminded defendant, "The court has offered to have a lawyer represent you; if not, an advisory counsel; if not that, then legal runners. And you have not availed yourself of those items." Defendant rested, and ignored the court's offer of counsel or assistance. Defendant appeared before Judge Kaminsacting, this time, as a superior court judgefor felony arraignment on October 29, 1997. The court entered a not guilty plea for defendant.
The record of the superior court arraignment contains no additional advisement to defendant of his right to counsel, or a new waiver of that right. Defendant continued to represent himself. At the opening of trial, the court appointed standby counsel because of concern that defendant would not participate in the trial. Defendant complained that he had not been able to prepare adequately and moved for dismissal of the charges, complaining that he had been "denied the right of self-representation and effective meaningful self-representation, ..." He also stated, "However, I'm speaking this under duress, under the threat of having my pro per status taken." The trial court assured defendant that it was not removing his right to represent himself, and defendant *493 again stated that he did not want counsel appointed:
"THE COURT: Mr. Crayton, I've not threatened to take away your pro per status, only to have an attorney come in and take over the case if you don't represent your client to the best of your ability. [¶] If you're going to tune out, then I want a lawyer to step in. If you wish, and it's your conscious choice not to participate, and to just sit there, you know you may be right, and maybe I wouldn't bring in standby counsel at that point. But I'll ask you if you want me to bring in counsel.
"THE DEFENDANT: No, I do not."
Defendant also told the court that he did not want the jury informed that he had backup counsel: "I'm on my own, Your Honor." After the verdict, he again told the court that he wanted to continue to represent himself through sentencing.
Defendant now complains that the failure to readvise him at his arraignment in superior court of his right to representation by counsel, and to obtain a waiver of that right, compels that the judgment of conviction be reversed. Section 987, subdivision (a), provides: "In a noncapital case, if the defendant appears for arraignment without counsel, he or she shall be informed by the court that it is his or her right to have counsel before being arraigned, and shall be asked if he or she desires the assistance of counsel. If he or she desires and is unable to employ counsel the court shall assign counsel to defend him or her."[3] Section 859, which defendant does not cite, contains a similar requirement.[4] The Supreme Court has held that, under both sections, "[i]n a felony case, neither an appointment of counsel nor a waiver of counsel in municipal court carries over into superior court." (People v. Crandell (1988) 46 Cal.3d 833, 858, fn. 5, 251 Cal.Rptr. 227, 760 P.2d 423; see also People v. McKenzie (1983) 34 Cal.3d 616, 635, 194 Cal.Rptr. 462, 668 P.2d 769 [People's concession that defendant's waiver of the right to counsel in municipal court did not continue in effect in superior court under sections 859 and 987].) Because the plain text of section 987 provides no exception, this rule applies even when, as in this case, the same judge presides over the preliminary hearing in municipal court and the trial in superior court. (People v. Sohrab (1997) 59 Cal.App.4th 89, 97, 68 Cal. Rptr.2d 749.)
The trial court erred by failing to give defendant a separate advisement of his right to counsel and obtaining a waiver of that right. The question is whether the error is reversible per se, or whether it is subject to harmless error analysis, either under the standard in Chapman v. California (1967) 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (for errors of federal constitutional magnitude) or the standard established under article VI, section 13 of the California Constitution (all other errors). (See People v. Cahill (1993) 5 Cal.4th 478, 20 Cal.Rptr.2d 582, 853 P.2d 1037.)
Defendant urges us to follow the reasoning of People v. Sohrab, supra, 59 Cal. App.4th 89, 68 Cal.Rptr.2d 749. The facts of that case are substantially similar to those in the case before us. In Sohrab, the same judge presided over the defendant's preliminary hearing and trial. This was under a practice by which felony proceedings in municipal and superior courts were consolidated. (Id. at pp. 94-95, 68 Cal.Rptr.2d 749.) The defendant dismissed *494 his attorney on the day of the preliminary hearing. (Id. at pp. 93-94, 68 Cal.Rptr.2d 749.) "The court took a thorough and lengthy waiver of appellant's right to counsel. The voir dire suggested appellant was waiving his right to counsel not just at the preliminary hearing, but for the entire course of the criminal proceedings" because it covered responsibilities that the defendant would have to carry at trial. (Id. at p. 94, 68 Cal.Rptr.2d 749.) At the subsequent arraignment in superior court, the same judge presided and did not renew his advice to the defendant of his right to counsel nor obtain a second waiver of that right. The defendant represented himself at trial. (Id. at pp. 94-95, 68 Cal.Rptr.2d 749.)
Noting that in People v. McKenzie, supra, 34 Cal.3d 616, 194 Cal.Rptr. 462, 668 P.2d 769 the Supreme Court had held that under sections 859 and 987 a waiver of the right to counsel does not carry over from municipal court to superior court, the Sohrab court found a violation of section 987, subdivision (a). (People v. Sohrab, supra, 59 Cal.App.4th at pp. 96-97, 68 Cal. Rptr.2d 749.) "Since our Supreme Court has said a defendant's waiver of the right to counsel in the municipal court does not continue in effect in the superior court [citations], it follows that appellant never waived his right to counsel for the purpose of the superior court proceedings." (Id at p. 100, 68 Cal.Rptr.2d 749.) The court concluded that a failure to obtain a second waiver of the right to counsel is a denial of the right to counsel and, as such, is reversible per se. (Id. at pp. 99-102, 68 Cal. Rptr.2d 749.)
We agree with Sohrab that a failure to obtain a waiver of the right to counsel in superior court is a violation of section 987, subdivision (a). But we respectfully disagree with the remainder of the analysis in Sohrab.
Defendants enjoy two distinct rights: (1) a constitutional right to the assistance of counsel under the Sixth Amendment, which may be waived, and (2) a statutory right under section 987, subdivision (a) to be informed at arraignment in superior court of the right to counsel and to have counsel appointed. Although both provisions protect the right to counsel, they derive from different sources and are not coterminous.
We first consider whether the Sixth Amendment right to the assistance of counsel requires that the superior court readvise defendant of his right to counsel and obtain a new waiver. The weight of federal authority demonstrates that it does not.
The Sixth Amendment right to the assistance of counsel applies at all stages of a criminal proceeding in which the substantial rights of a defendant are at stake. (Mempa v. Rhay (1967) 389 U.S. 128, 134, 88 S.Ct. 254, 19 L.Ed.2d 336.) This right may be waived by a defendant who wishes to proceed in propria persona. (Faretta v. California, supra, 422 U.S. at p. 807, 95 S.Ct. 2525.) Federal authority holds that once a defendant makes a valid waiver, it continues through the duration of the proceedings unless it is withdrawn or is limited to a particular phase of the case. "While it is true that the Sixth Amendment right to counsel applies to all critical stages of the prosecution, including the sentencing stage, it does not follow that once the assistance of counsel in court has been competently waived, a new waiver must be obtained at every subsequent court appearance by the defendant. A competent election by the defendant to represent himself and to decline the assistance of counsel once made before the court carries forward through all further proceedings in that case unless appointment of counsel for subsequent proceedings is expressly requested by the defendant or there are circumstances which suggest that the waiver was limited to a particular stage of the proceedings." (Arnold v. United States (9th Cir.1969) 414 F.2d 1056, 1059.) We recognize that federal trial courts are not divided into two *495 levels as the California trial judiciary has been prior to court unification. This distinction does not command a different result, in part because the bench officer at the felony preliminary hearing acts as a magistrate, a role that may be filled regardless of the level of court on which the particular judge may serve. (§ 808.)
Notably, in federal practice a waiver of counsel has been held to remain in effect despite various breaks in the proceedings. In U.S. v. Springer (9th Cir.1995) 51 F.3d 861, the court held that a defendant's waiver of the right to counsel carried over from a first trial, which ended in a mistrial, to a retrial of the same matter. (Id. at pp. 864-865.) "The retrial was obviously a continuation of the criminal prosecution, and the waiver was obviously intended to stand absent an attempt to withdraw it. The matter of representation was in [the defendant's] hands alone. After his earnest and insistent request, he had been granted the right to represent himself. If he found himself wavering in his resolve so to do, he or his advisory counsel could have so informed the court. He did not waver. His waiver of counsel stood." (Id. at p. 865.) White v. United States (9th Cir.1965) 354 F.2d 22 held that a waiver remained effective when a defendant continued to represent himself at resentencing following the grant of a writ of habeas corpus. Even though the court at the resentencing did not ask defendant if he wished to continue representing himself, the reviewing court concluded that the trial court had no sua sponte obligation to readvise the defendant of his right to counsel. (Id at pp. 22-23; see also, e.g., U.S. v. Unger (1st Cir.1990) 915 F.2d 759, 761-762 [waiver at arraignment in state juvenile court continued through two subsequent dispositional and sentencing hearings]; U.S. v. Fazzini (7th Cir.1989) 871 F.2d 635, 641-644 [waiver before trial extended through sentencing, and court had no duty to reinquire absent "substantial change in circumstances"].)
Given these holdings, it is clear that the trial court did not have a duty under the federal constitution to readvise defendant of his right to counsel at the superior court arraignment and to obtain a second waiver covering the trial. So far as the Sixth Amendment is concerned, defendant can give a waiver of the right to counsel that is applicable through all subsequent proceedings in the same matter. The record discloses that defendant did so at his arraignment on the criminal complaint in municipal court and at his preliminary hearing. He was resolute in his desire to represent himself throughout the proceedings. The admonitions of the court made clear that he had a right to counsel at trial, and that he bore considerable risks and obligations in representing himself at the trial stage. He accepted those burdens without reservation. Nor did he indicate that his waiver of the right to counsel was limited to the preliminary hearing.[5] We conclude that defendant suffered no denial of his Sixth Amendment right to the assistance of counsel.
We next consider the effect of the trial court's error in failing to follow the statutory command that it readvise defendant of his right to counsel and take a new *496 waiver of that right before allowing him to proceed pro se.
The California rule is that all trial court error, other than error that offends the federal Constitution, is tested under article VI, section 13 of the California Constitution: "No judgment shall be set aside, or new trial granted, in any cause, on the ground of misdirection of the jury, or of the improper admission or rejection of evidence, or for any other error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." (See People v. Flood (1998) 18 Cal.4th 470, 483, fn. 10, 76 Cal.Rptr.2d 180, 957 P.2d 869.) This is the constitutional basis for the familiar harmless error rule: error is not reversible unless there is a reasonable probability that the defendant was prejudiced as a result of the error. (Id. at p. 483, 76 Cal.Rptr.2d 180, 957 P.2d 869; People v. Watson (1956) 46 Cal.2d 818, 836, 299 P.2d 243; see also People v. Cahill, supra, 5 Cal.4th at pp. 500, 503, 20 Cal. Rptr.2d 582, 853 P.2d 1037.) This test contrasts with the effect of an error that violates the federal Constitution. Some error of that category is indeed per se reversible ("structural error"; see Arizona v. Fulminante (1991) 499 U.S. 279, 309, 111 S.Ct. 1246, 113 L.Ed.2d 302). Otherwise, the error is reversible unless the appellate court can conclude that it is harmless beyond a reasonable doubtthe Chapman test. (Chapman v. California, supra, 386 U.S. 18, 23, 87 S.Ct. 824, 17 L.Ed.2d 705.) There being no error of federal constitutional dimension, we apply the Watson test.
Under that standard, defendant is entitled to reversal only if he can demonstrate that he was unaware that once in superior court for felony trial, he could withdraw his invocation of his right of self-representation and exercise his right to be represented by counsel. We believe that determination is best assessed under the totality of the circumstances. (See People v. Howard (1992) 1 Cal.4th 1132, 1178, 5 Cal.Rptr.2d 268, 824 P.2d 1315 [effect of failure to admonish about and obtain waiver of privilege against self-incrimination upon taking a guilty plea tested by whether the plea was "voluntary and intelligent under the totality of the circumstances"].)
There is no reasonable probability that defendant would have accepted the appointment of counsel. He was adamant and resolute that he would represent himself through all stages of the proceedings. For the same reason, there is no reasonable probability that a different verdict would have resulted absent the failure to readvise defendant. A contrary conclusion would require us to assume that defendant would have accepted the appointment of counsel if he had been offered counsel again at his arraignment in superior court. That is hardly likely on this record.

II-VI[**]

DISPOSITION
The abstract of judgment is ordered corrected to reflect a sentence of 25 years to life on count 2 for kidnapping for robbery, to reflect imposition of a $10,000 restitution fine pursuant to section 1202.4, subdivision (b), and to include a $10,000 parole revocation fine pursuant to section 1202.45, with such fine stayed unless parole is revoked. In all other respects, the judgment is affirmed. The petition for writ of habeas corpus is denied.
HASTINGS, J., and CURRY, J., concur.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II through VI of Discussion.
[1] All statutory references are to the Penal Code unless otherwise specified.
[2] The jury acquitted defendant of three counts of attempted robbery. (§ 664/211.) Pursuant to section 1118.1, defendant was acquitted of another count of forcible oral copulation (§ 288a) and a charge of attempting to dissuade a witness. (§ 664/136.1, subd. (c)(1).)
[3] Section 987 sunsets effective January 1, 2000. (§ 987, subd. (e).) A successor statute effective on that date contains a new subdivision (a) with identical language. (Stats. 1998, c. 587, §§ 3, 4.)
[4] In pertinent part, section 859 provides that when a defendant is charged by written complaint with a felony and appears before a magistrate, the magistrate shall "inform the defendant that he or she has the right to have the assistance of counsel, ask the defendant if he or she desires the assistance of counsel, and allow the defendant reasonable time to send for counsel." The section also provides that "the court shall assign counsel" if the defendant desires but is unable to employ counsel. (Ibid.)
[5] Defendant points to his request, prior to the preliminary hearing, for a hearing pursuant to People v. Marsden (1970) 2 Cal.3d 118, 84 Cal.Rptr. 156, 465 P.2d 44 as an indication that he might not have waived his right to counsel again in superior court. That request, read literally, was an effort by defendant to fire himself as his attorney. But we note that defendant made it in the heat of disagreements with the court over his access to a computer and the scheduling of his preliminary hearing. When the court immediately and summarily denied the motion, defendantwho objected frequently during the proceedingsdid not object further. We read this Marsden request as a delaying tactic and not as a motion by defendant to withdraw the waiver of the right to be represented by counsel. Defendant was free to revisit the issue at any time, and he made repeated motions and requests on other issues throughout the matter. He never revisited this issue, but rather continued to insist that the court not interfere with his right to represent himself.
[**] See footnote *, ante.